SHORES, Justice.
This petition for writ of mandamus seeks an order directed to Judge Jack D. Carl of the Circuit Court of Jefferson County, directing him to grant a jury trial in an action for declaratory judgment where the petitioner has filed a counterclaim based on breach of contract. The petition is granted.
Petitioner Ward is employed by Health Science Products, Inc., and as an employee is entitled to hospital benefits for himself and his dependents under a group policy issued by Associated Industries of Alabama Group Health Benefits Trust (AIA). AIA is not a corporation in the true sense, but is a trust which qualifies as an employee benefit plan under the Employees Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. (1976).
Ward is also a retiree from the United States Navy, which entitles him to insurance coverage for his dependents through its Office of Civilian Health and Medical Programs of the Uniformed Services (CHAMPUS).
The AIA policy contained a nine-month waiting period for coverage of a “pre-exist-ing condition.” Ward’s minor daughter underwent neurosurgery for the removal of a brain tumor five months after he became a member of the group policy with AIA. The hospital bills amounted to some $66,000. AIA denied coverage, claiming the brain tumor was a pre-existing condition. It filed a declaratory judgment action seeking a determination that it was not liable. Ward filed an answer and demand for a jury trial. He thereafter filed a counterclaim against AIA for breach of contract and for violation of ERISA.
The United States Government intervened, because if AIA is liable for coverage, the CHAMPUS policy will be secondary only. If the AIA policy does not provide coverage, CHAMPUS will be the only coverage, and Ward will be responsible for almost the entire amount of the hospital bills.
AIA filed a motion to strike the jury demand on the basis that AIA is a trust regulated by ERISA, and therefore that Ward is not entitled to a jury trial on his breach of contract claim. The motion was granted, and the jury demand stricken.
This Court in Hoffman v. Chandler, 431 So.2d 499 (Ala.1983), recognized that a beneficiary under a welfare benefit plan/trust may bring an action in tort in *351 state court. We now extend that reasoning to cover an action based on breach of contract.
The United States Code, Title 29, § 1132(e)(1) (1976), provides:
“Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.”
Subsection (a)(1)(B) of § 1132 provides that a civil action may be brought by a beneficiary or a plan participant:
“to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....”
ERISA’s preemption of state law and the limits of that preemption are delineated in 29 U.S.C. § 1144 (1976), which provides:
“(a) Supersedure; effective date
“Except as provided in subsection (b) of this section, the provisions of this sub-chapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan
[[Image here]]
[[Image here]]
“(c) Definitions
“For purposes of this section:
“(1) The term ‘State law’ includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State....
“(2) The term ‘State’ includes a State, any political subdivisions thereof, or any agency or instrumentality of either, which purports to regulate, directly or indirectly, the terms and conditions of employee benefit plans covered by this subchapter.”
In Hoffman, this Court held that ERISA did not preempt state law claims. That case involved a situation similar to the one at bar. There, Ms. Chandler submitted a claim for hospital and medical costs to American Employees Benefit Trust, an organization under the regulation of ERISA. Her claim was denied because of a pre-ex-isting condition clause in the policy and the existence of an alleged pre-existing condition associated with her illness. In Hoffman, as in the present case, the claim was for the recovery of benefits due the beneficiary of the plan under the terms of the plan, and not for the removal or regulation of the activities of the trustees, and, as such, came directly under the concurrent jurisdiction granted in § 1132(e)(1) and § 1132(a)(1)(B).
In addition, our reading of cases in the area of preemption suggests four factors that appear to influence the determination of the preemption issue:
(1) the extent to which the law in question relates to an area traditionally within the state’s domain;
(2) the extent to which the purpose or effect of the law impinges upon employee benefit plans;
(3) the extent to which the relief sought for procedures employed are incompatible with those of ERISA, and;
(4) the extent to which the rights sought to be enforced by the aggrieved party actually arise under an employee benefit plan.
In the case at bar, petitioner seeks no relief that is incompatible with the aims of ERISA nor which impinge upon the employee benefit plan. A suit for breach of contract has long been within the domain of state courts. In allowing petitioner access to our courts to seek such redress, we do not trespass against any interests protected by ERISA. Therefore, state law, in this instance, is not preempted by ERISA.
It'is unclear whether litigants have a right to a jury trial in ERISA suits. Some courts have construed ERISA to grant such a right, but more have held that Congress did not intend to provide the *352 right of jury trial in ERISA claims. This issue we need not address. In the present case, there existed a contract between Ward and AIA. Ward claims that there was a breach of that contract and has brought an action based on that breach. Whether or not such a breach occurred is a factual determination accompanied by the right to a jury trial if so demanded. The fact that AIA, a party to this suit, is a trust regulated by ERISA does not destroy that right.
This Court will not issue a writ of mandamus in the absence of a “clear showing of error in the trial court to the injury of the petitioner.” Ex parte Harrington Manufacturing Co., 414 So.2d 74 (Ala. 1982). We find that the trial judge erred in denying the petitioner a jury trial. Accordingly, the writ of mandamus is granted, and a jury trial in this proceeding is ordered.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.